**NO. 26-3718**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee ,**

**v.**

**SENECA LOYAL NEAL,**

**Petitioner-Appellant.**

APPEAL OF DENIAL OF MOTION FOR RECONSIDERATION AND TO VACATE ORDER DENYING COMPASSIONATE RELEASE AND MOTION FOR SENTENCE REDUCTION BASED ON THE FIRST STEP ACT AND SENTENCE DISPARITY FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA
CRIM. NO. 4:14-cr-00027-RRB-1

# OPENING BRIEF FOR PETITIONER-APPELLANT

**SENECA LOYAL NEAL**
**REG. NO. 36074-086**
**FCI SAFFORD**
**FEDERAL CORR. INSTITUTION**
**P.O. BOX 9000**
**SAFFORD, AZ 85548**
**Appearing *Pro Se***

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B. Statement of the Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . 4

1. Offense Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2. Direct Appeal and Prior Post-Conviction Proceedings . . . . . .5

3. Compassionate-Release Proceedings . . . . . . . . . . . . . . . . . . 6

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I. **<u>The District Court Abused Its Discretion by Denying Neal's Motion for Reconsideration Without Affording Him a Meaningful Opportunity to Respond to the Government's Opposition</u>** . . . . . . 8

A. The District Court Resolved Neal's Compassionate-Release Motion Before He Had a Meaningful Opportunity to Respond to the Government's Opposition . . . . . . . . . . . . . . . . . . . . . . . . 10

B. The District Court's Procedural Error Was Not Harmless . . . 12

II. **<u>The District Court Abused Its Discretion by Failing to Conduct the Individualized Assessment Required by 18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13, and the Governing Compassionate-Release Framework</u>** . . . . . . . . . . 14

A. *Fernandez* and *Rutherford* Do Not Foreclose Neal's Request for Compassionate Relief . . . . . . . . . . 15

B. The District Court Failed to Evaluate Neal's Individualized Circumstances Collectively . . . . . . . . . . 17

C. The District Court Failed to Meaningfully Consider Neal's Post-Sentencing Rehabilitation and Other Individualized Circumstances . . . . . . . . . . 20

III. **<u>The District Court Abused Its Discretion by Failing to Meaningfully Apply the Sentencing Factors Set Forth in 18 U.S.C. § 3553(a)</u>** . 25

CONCLUSION . . . . . . . . . . 27

CERTIFICATE OF COMPLIANCE . . . . . . . . . . 28

CERTIFICATE OF SERVICE . . . . . . . . . . 29

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Erickson v. Pardus*, 551 U.S. 89 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Fernandez v. United States*, 608 U.S. ___, No. 24-556, slip op. (May 28, 2026) . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10, 15, 16, 17, 19, 26, 27, 28

*Haines v. Kerner*, 404 U.S. 519 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Mathews v. Eldridge*, 424 U.S. 319 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Pepper v. United States*, 562 U.S. 476 (2011) . . . . . . . . . . . . . . . . . . . . . . . . 20, 23

*Rutherford v. United States*, 608 U.S. ___, Nos. 24-820 & 24-860, slip op. (May 28, 2026) . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10, 15, 16, 17, 19, 26, 27, 28

**Statutes**

18 U.S.C. § 3553(a) . . . . . . . . . . . 2, 5, 8, 10, 12, 14, 16, 18, 19, 20, 23, 24, 26, 27

18 U.S.C. § 3582(c)(1)(A) . . . . . . . . 1, 6, 7, 8, 9, 10, 14, 15, 17, 19, 20, 22, 23, 27

21 U.S.C. § 851 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

28 U.S.C. § 994(t). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**Sentencing Guidelines**

U.S.S.G. § 1B1.13 . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 8, 9, 14, 16, 17, 19, 27, 28

**Rules**

Fed. R. App. P. 32(a)(7)(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Ninth Circuit Rule 32-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

## STATEMENT OF JURISDICTION

This appeal arises from the district court's Order entered on May 26, 2026, denying Neal's Motion for Reconsideration and to Vacate Order Denying Compassionate Release and his Motion for Sentence Reduction Based on the First Step Act and Sentence Disparity. See Doc. 345.[1] Neal timely filed a Notice of Appeal on June 9, 2026. See Doc. 347. This Court therefore has appellate jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

I. Whether the district court abused its discretion by denying Neal's Motion for Reconsideration after denying his motion for compassionate release without first affording him a meaningful opportunity to respond to the Government's opposition, thereby deciding the motion on an incomplete and one-sided record.

II. Whether the district court abused its discretion in concluding that Neal failed to establish extraordinary and compelling reasons for relief under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 by failing to conduct the individualized assessment required by the governing compassionate-release framework.

---

[1] Unless otherwise indicated, "Doc. __" refers to the corresponding docket entry in the district court record, *United States v. Neal*, No. 4:14-cr-00027-RRB-1 (D. Alaska).

III. Whether the district court abused its discretion by concluding that the sentencing factors set forth in 18 U.S.C. § 3553(a) outweighed all other considerations without adequately explaining why Neal's post-sentencing rehabilitation, family circumstances, changes in sentencing law, and other individualized circumstances failed to justify relief.

## STATEMENT OF THE CASE

### A. Procedural Background

On December 16, 2014, a federal grand jury sitting in the District of Alaska returned a seven-count indictment charging Neal with conspiracy to distribute heroin and related distribution offenses. See Doc. 2. Before trial, the Government filed an Information pursuant to 21 U.S.C. § 851 seeking enhanced penalties based upon Neal's prior felony drug conviction. See Doc. 145.

Following a three-day jury trial, Neal was convicted on Counts One, Five, Six, and Seven. See Doc. 191. On December 12, 2016, the district court sentenced Neal to an aggregate term of 264 months' imprisonment followed by ten years of supervised release. See Docs. 224, 225. The Ninth Circuit affirmed the judgment on direct appeal. See Docs. 267, 269.

Neal subsequently sought relief under 28 U.S.C. § 2255, which the district court denied, and the Ninth Circuit affirmed. See Docs. 270, 316, 329. On March 3,

2026, Neal filed the present motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See Doc. 335. The district court denied the motion on April 13, 2026. See Doc. 340.

Neal thereafter filed a Motion for Reconsideration and to Vacate Order Denying Compassionate Release, together with a Motion for Sentence Reduction Based on the First Step Act and Sentence Disparity. See Docs. 341, 342. On May 26, 2026, the district court denied both motions. See Doc. 345. Neal timely filed his Notice of Appeal on June 9, 2026. See Docs. 347, 349.

### B. Statement of the Relevant Facts

#### 1. Offense Conduct

This case arose from a heroin trafficking investigation conducted by the Alaska State Troopers during the fall of 2014. Following an investigation involving cooperating witnesses, surveillance, and the execution of search warrants, Neal was arrested and later charged with participating in a heroin distribution conspiracy. A federal grand jury subsequently returned a seven-count indictment charging Neal and his co-defendant with conspiracy to distribute heroin and related distribution offenses. See Doc. 2.

At trial, the Government's case relied primarily upon cooperating witnesses, law-enforcement testimony, and physical evidence recovered during the execution of

search warrants. After a three-day jury trial, Neal was convicted of conspiracy to distribute heroin and three substantive distribution counts. See Doc. 191.

On December 12, 2016, the district court sentenced Neal to an aggregate term of 264 months' imprisonment, followed by ten years of supervised release. See Docs. 224, 225. The sentence reflected the enhanced penalties then applicable under 21 U.S.C. § 851 based upon Neal's prior felony drug conviction.

2. Direct Appeal and Prior Post-Conviction Proceedings

Neal timely appealed his convictions and sentence. On August 28, 2018, this Court affirmed the judgment. See Docs. 267, 269.

Neal later sought relief pursuant to 28 U.S.C. § 2255. The district court denied that motion, and this Court affirmed. See Docs. 270, 316, 329. Those proceedings are relevant only as procedural background and are not the subject of the present appeal.

3. Compassionate-Release Proceedings

After exhausting his administrative remedies with the Bureau of Prisons, Neal filed the present Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). See Doc. 335. Neal asserted that extraordinary and compelling reasons warranted a sentence reduction based upon the combined effect of his post-sentencing rehabilitation, his family circumstances involving the deteriorating health of his mother, changes in federal sentencing law affecting the mandatory

minimum applicable to his offense, the resulting sentencing disparity, and the factors set forth in 18 U.S.C. § 3553(a). The motion urged the district court to evaluate those circumstances collectively in determining whether a reduction in sentence was warranted. Neal did not rely upon any single circumstance in isolation; rather, he argued that the combined weight of his post-sentencing rehabilitation, family circumstances, statutory sentencing changes, sentencing disparity, and the factors set forth in 18 U.S.C. § 3553(a) collectively established extraordinary and compelling reasons for relief.

On April 13, 2026, the district court denied compassionate release. See Doc. 340. Although the court acknowledged Neal's rehabilitative efforts while incarcerated and recognized that Congress had reduced the applicable mandatory minimum sentence through the First Step Act, it concluded that extraordinary and compelling reasons had not been established and further determined that the sentencing factors set forth in 18 U.S.C. § 3553(a) continued to weigh against early release. The court nevertheless expressly observed that the impact of the First Step Act on Neal's sentence would be "best addressed in a separate motion to reduce sentence that is focused on this single issue." See Doc. 340. Neal followed the district court's instruction and presented the First Step Act issue in a separate motion, together with his motion for reconsideration, thereby giving the district court the opportunity to

fully consider both requests before entering the order now on appeal.

In response to the district court's directive, Neal promptly filed both a Motion for Reconsideration and to Vacate Order Denying Compassionate Release and a separate Motion for Sentence Reduction Based on the First Step Act and Sentence Disparity. See Docs. 341, 342. The Motion for Reconsideration asserted, among other things, that the district court ruled on the compassionate-release motion before Neal received the Government's opposition or had any meaningful opportunity to file a reply addressing the Government's factual and legal arguments. Neal further maintained that the court therefore resolved the motion on an incomplete record, resulting in manifest injustice. See Doc. 341.

On May 26, 2026, the district court denied both motions. See Doc. 345. With respect to reconsideration, the court concluded that Neal had not demonstrated manifest error of law or fact. As to the separate First Step Act motion, the court determined that Neal had not received an unusually long sentence, that the statutory changes did not create a gross sentencing disparity, and that neither extraordinary and compelling reasons nor the applicable sentencing factors justified a sentence reduction. *Id.*

Neal timely filed his Notice of Appeal, giving rise to the present appeal. See Docs. 347, 349.

## STANDARD OF REVIEW

A district court's denial of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), including the denial of a motion for reconsideration, is reviewed for abuse of discretion. A district court abuses its discretion when it applies an incorrect legal standard, misapprehends the governing law, relies upon clearly erroneous factual findings, or otherwise renders a decision that falls outside the range of permissible choices under the applicable legal framework.

To the extent this appeal presents questions concerning the interpretation of 18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13, and intervening Supreme Court precedent, including *Fernandez* and *Rutherford*, review is *de novo*.

## SUMMARY OF THE ARGUMENT

The district court abused its discretion by denying Neal's Motion for Reconsideration after resolving his compassionate-release motion before Neal had a meaningful opportunity to respond to the Government's opposition. By deciding the motion on an incomplete and one-sided record, the court deprived itself of the benefit of a fully developed adversarial presentation before exercising the broad discretion afforded under 18 U.S.C. § 3582(c)(1)(A). Neal's Motion for Reconsideration identified that procedural defect, but the district court denied reconsideration without correcting the error or addressing its impact on the fairness of the proceedings.

The district court also failed to conduct the individualized assessment required by 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Neal did not rely upon any single circumstance as independently requiring compassionate release. Instead, he presented a combination of post-sentencing rehabilitation, family circumstances, changes in federal sentencing law, the resulting sentencing disparity, and the sentencing factors set forth in 18 U.S.C. § 3553(a). Rather than evaluating those circumstances collectively, the district court largely addressed them individually before concluding that no extraordinary and compelling reasons existed. The Supreme Court's subsequent decisions in *Fernandez* and *Rutherford* do not alter the district court's continuing obligation to conduct that individualized analysis.

Finally, the district court failed to meaningfully apply the sentencing factors set forth in 18 U.S.C. § 3553(a) in light of Neal's present circumstances and did not adequately explain how it weighed the competing considerations before denying relief. Because the orders on appeal do not demonstrate a reasoned application of the governing legal framework or permit meaningful appellate review, this Court should vacate the district court's orders and remand the case for reconsideration on a complete record under the standards established by § 3582(c)(1)(A), U.S.S.G. § 1B1.13, and the Supreme Court's decisions in *Fernandez* and *Rutherford*.

## ARGUMENT

### I. The District Court Abused Its Discretion by Denying Neal's Motion for Reconsideration Without Affording Him a Meaningful Opportunity to Respond to the Government's Opposition.

As a threshold matter, because Neal has proceeded *pro se* throughout the compassionate-release proceedings and on appeal, his pleadings and briefs are entitled to liberal construction. See *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Although *pro se* litigants must comply with applicable procedural rules, courts must construe their filings liberally to ensure that potentially meritorious claims are resolved on their substance rather than on technical pleading deficiencies. That principle has particular significance here, where the appeal concerns the district court's consideration of a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Accordingly, the Court should evaluate Neal's arguments based upon their substance and the complete record, rather than construe his filings narrowly or apply technical pleading standards inconsistent with the liberal construction afforded *pro se* litigants.

This appeal begins with the district court's denial of Neal's Motion for Reconsideration after resolving his compassionate-release motion before he had a

meaningful opportunity to respond to the Government's opposition. That procedural error deprived the court of a fully developed record and constitutes an abuse of discretion requiring vacatur and remand.

This appeal does not ask this Court to disregard the Supreme Court's recent decisions in *Fernandez* and *Rutherford*. Rather, Neal submits that, even under the standards articulated in those decisions, the district court abused its discretion by resolving his compassionate-release proceedings on an incomplete record, failing to conduct the individualized assessment required by 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, and failing to meaningfully evaluate the combined effect of the extraordinary and compelling circumstances presented.

### A. The District Court Resolved Neal's Compassionate-Release Motion Before He Had a Meaningful Opportunity to Respond to the Government's Opposition.

Fundamental fairness requires that litigants be afforded a meaningful opportunity to address the arguments upon which a court ultimately bases its decision. Although neither the Federal Rules of Criminal Procedure nor 18 U.S.C. § 3582(c)(1)(A) expressly guarantees the filing of a reply brief, once the Government elected to oppose Neal's motion with substantive factual and legal arguments, basic principles of due process required that Neal be afforded a reasonable opportunity to respond before the district court ruled. See *Mathews v. Eldridge*, 424 U.S. 319, 333

(1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.").

Here, the district court denied Neal's Motion for Compassionate Release after considering the Government's opposition, but before Neal received that opposition or had any meaningful opportunity to file a reply. As Neal explained in his Motion for Reconsideration, the court's ruling therefore rested upon an incomplete and one-sided record. See Doc. 341. Rather than addressing that procedural defect, however, the district court summarily concluded that Neal had failed to demonstrate any manifest error of law or fact and denied reconsideration without analyzing whether Neal had been deprived of a meaningful opportunity to be heard. See Doc. 345.

That sequence of events is significant. Neal did not seek reconsideration merely because he disagreed with the district court's ruling. Instead, he identified a procedural irregularity that directly affected the fairness of the proceedings: the court ruled before he could answer the Government's legal and factual assertions. Because compassionate-release determinations are highly individualized and depend upon the careful evaluation of competing factual and equitable considerations, the absence of a reply deprived the district court of the benefit of a fully developed adversarial record.

### B. The District Court's Procedural Error Was Not Harmless.

The district court's failure to afford Neal an opportunity to respond before ruling was not a harmless procedural irregularity. Compassionate-release determinations require an individualized assessment of the defendant's circumstances and a careful evaluation of all relevant considerations under 18 U.S.C. § 3582(c)(1)(A) and the sentencing factors set forth in 18 U.S.C. § 3553(a). Where the Government presents factual and legal arguments opposing relief, a defendant's reply serves an important function by identifying disputed facts, correcting misunderstandings, and addressing legal arguments that may materially influence the court's exercise of discretion.

That is precisely what occurred here. The Government's opposition challenged Neal's showing regarding caregiver necessity, minimized the significance of the statutory changes enacted through the First Step Act, disputed the existence of any meaningful sentencing disparity, and argued that the sentencing factors set forth in 18 U.S.C. § 3553(a) continued to weigh against relief. Those arguments ultimately became the foundation of the district court's orders denying compassionate release and reconsideration. See Docs. 340, 345.

Had Neal been afforded a meaningful opportunity to reply, he would have responded to each of those issues. He would have further developed the factual record

concerning his mother's deteriorating condition and his role as her available caregiver; addressed the Government's analysis of the First Step Act and the resulting sentencing disparity; explained why the district court should evaluate the combined effect of his post-sentencing rehabilitation, family circumstances, statutory changes, and other individualized considerations rather than viewing each circumstance in isolation; and demonstrated why the sentencing factors, viewed in light of his post-sentencing conduct and rehabilitation, supported a reduction in sentence.

Instead, the district court exercised its discretion without the benefit of Neal's response to the Government's dispositive arguments. The subsequent denial of reconsideration did not cure that defect because the court did not reopen the proceedings or meaningfully address whether Neal had been denied a fair opportunity to respond. Rather, it simply concluded that Neal had failed to establish manifest error while leaving the underlying procedural deficiency uncorrected. See Doc. 345.

Under these circumstances, the procedural error necessarily affected the fairness and reliability of the district court's decision-making process. Because compassionate-release proceedings are inherently discretionary and depend upon a fully developed factual record, there is at least a reasonable probability that Neal's response could have influenced the district court's exercise of its discretion. The appropriate remedy is therefore to vacate the order denying reconsideration and

remand the case so that the district court may evaluate Neal's request on a complete adversarial record after both parties have had a meaningful opportunity to be heard.

Because the district court denied Neal a meaningful opportunity to respond to the Government's opposition before exercising its discretion, the order denying reconsideration should be vacated and the matter remanded. Even if this Court concludes that remand is not warranted on that procedural ground alone, reversal remains appropriate because the district court also misapplied the governing compassionate-release framework, as discussed below.

## II. **The District Court Abused Its Discretion by Failing to Conduct the Individualized Assessment Required by 18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13, and the Governing Compassionate-Release Framework.**

Section 3582(c)(1)(A) authorizes a district court to reduce a previously imposed term of imprisonment when, after considering the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), it concludes that extraordinary and compelling reasons warrant a sentence reduction and that such relief is consistent with the applicable policy statements of the United States Sentencing Commission. U.S.S.G. § 1B1.13, as amended effective November 1, 2023, supplies the governing framework for that determination.

The central issue presented by this appeal is not whether any single circumstance independently required compassionate release. Rather, the question is

whether the district court fulfilled its obligation to conduct an individualized assessment of Neal's circumstances as a whole before denying relief. Neal consistently argued that his post-sentencing rehabilitation, family circumstances, statutory sentencing changes, resulting sentencing disparity, and the sentencing factors set forth in 18 U.S.C. § 3553(a) collectively established extraordinary and compelling reasons for relief. See Doc. 335. The district court's orders do not demonstrate that such a cumulative analysis occurred.

Accordingly, the district court abused its discretion by applying the governing compassionate-release framework in a manner that did not fully evaluate the totality of Neal's individualized circumstances.

### A. ***Fernandez* and *Rutherford* Do Not Foreclose Neal's Request for Compassionate Relief.**

Since the district court entered the orders on appeal, the Supreme Court has clarified the scope of compassionate release under 18 U.S.C. § 3582(c)(1)(A). See *Fernandez v. United States*, 608 U.S. ___, No. 24-556, slip op. (May 28, 2026) ("*Fernandez*"); *Rutherford v. United States*, 608 U.S. ___, Nos. 24-820 & 24-860, slip op. (May 28, 2026)("*Rutherford*").[2] Those decisions clarify that compassionate

2

Because *Fernandez* and *Rutherford* were decided after the district court entered the orders on appeal, Neal addresses those decisions to assist this Court in applying the current governing law. Neal does not contend that the district court erred by failing to anticipate subsequent Supreme Court precedent; rather, he submits that the existing record nevertheless warrants vacatur and remand under the legal framework now governing compassionate-release proceedings.

release is not a mechanism for broadly circumventing Congress's determination that statutory changes should apply prospectively, nor may a district court rely upon a nonretroactive change in law, standing alone, as an extraordinary and compelling reason for relief where Congress has chosen otherwise.

Neal does not dispute those principles, nor does he ask this Court to disregard the Supreme Court's decisions. Rather, Neal submits that *Fernandez* and *Rutherford* reinforce the continued obligation of district courts to conduct the individualized analysis required by 18 U.S.C. § 3582(c)(1)(A), the applicable policy statement contained in U.S.S.G. § 1B1.13, and the sentencing factors set forth in 18 U.S.C. § 3553(a). Although the Supreme Court clarified the limits of compassionate-release relief based solely upon nonretroactive changes in law, it did not eliminate the district court's responsibility to evaluate the totality of a defendant's individualized circumstances before exercising its discretion.

That distinction is dispositive here. Neal never argued that the First Step Act's reduction of the mandatory minimum sentence, standing alone, entitled him to compassionate release. Instead, he consistently maintained that the statutory sentencing changes constituted one component of a broader constellation of extraordinary and compelling circumstances that included This extensive post-sentencing rehabilitation, his family circumstances involving his mother's

deteriorating health, the resulting sentencing disparity, and the factors set forth in 18 U.S.C. § 3553(a). His motion expressly requested that those circumstances be considered collectively rather than in isolation. See Doc. 335.

Accordingly, this appeal does not present the question resolved in *Fernandez* or *Rutherford*. Instead, it presents a different question: whether the district court fulfilled its continuing obligation to conduct an individualized assessment of all of Neal's asserted circumstances before concluding that extraordinary and compelling reasons did not exist. Because the district court's orders do not demonstrate that such a cumulative analysis occurred, those decisions do not foreclose appellate relief in this case.

### B. The District Court Failed to Evaluate Neal's Individualized Circumstances Collectively.

Section 3582(c)(1)(A) requires a district court to undertake an individualized assessment of the defendant's circumstances before determining whether extraordinary and compelling reasons warrant a reduction in sentence. Likewise, the Sentencing Commission's amended policy statement, U.S.S.G. § 1B1.13, recognizes that extraordinary and compelling reasons may arise from a combination of circumstances rather than from any single consideration viewed in isolation. The inquiry therefore requires a holistic evaluation of the defendant's particular circumstances and the record as a whole.

Neal's compassionate-release motion did not rely upon any single circumstance as independently requiring relief. Rather, he presented multiple considerations which, taken together, established extraordinary and compelling reasons for a sentence reduction. Those considerations included his substantial post-sentencing rehabilitation, his family circumstances involving the deteriorating health of his mother, the changes in federal sentencing law brought about by the First Step Act, the resulting sentencing disparity, and the sentencing factors set forth in 18 U.S.C. § 3553(a). Neal expressly urged the district court to consider those circumstances collectively in determining whether relief was warranted. See Doc. 335.

The district court, however, largely addressed those considerations individually before concluding that none independently justified compassionate release. The court found that Neal's rehabilitation, standing alone, was insufficient because rehabilitation is expected of all inmates. It separately concluded that Neal's mother's condition did not warrant relief because others could assist her. It then addressed the statutory sentencing changes in a separate motion, concluding that Neal had not received an unusually long sentence and that no gross sentencing disparity existed. See Docs. 340, 345. At no point did the district court meaningfully evaluate whether the combined effect of those circumstances established extraordinary and compelling reasons for relief.

That distinction is critical to this appeal. Compassionate-release determinations require more than the separate rejection of each asserted ground for relief. The statutory inquiry asks whether extraordinary and compelling reasons exist based upon the defendant's individualized circumstances viewed as a whole. By compartmentalizing Neal's arguments rather than evaluating their cumulative significance, the district court failed to conduct the individualized assessment contemplated by § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.

The Supreme Court's decisions in *Fernandez* and *Rutherford* do not alter that conclusion. Those decisions clarify the limits of compassionate-release relief based solely upon nonretroactive changes in law, but they do not relieve a district court of its obligation to consider all properly presented circumstances collectively or to exercise its discretion through an individualized assessment of the entire record. Neal does not contend that the statutory sentencing changes alone required relief. Rather, he submits that those changes constituted one component of a broader showing that included rehabilitation, family circumstances, post-sentencing conduct, and the applicable sentencing factors. The district court's orders do not demonstrate that this cumulative analysis occurred.

Because the district court failed to evaluate the totality of Neal's individualized circumstances before denying relief, its decision rested upon an incomplete

application of the governing compassionate-release framework and therefore constituted an abuse of discretion.

### C. <u>The District Court Failed to Meaningfully Consider Neal's Post-Sentencing Rehabilitation and Other Individualized Circumstances.</u>

The compassionate-release statute requires a district court to evaluate the defendant before it—not merely the offense for which he was convicted. By directing courts to consider whether extraordinary and compelling reasons exist and to weigh the sentencing factors set forth in 18 U.S.C. § 3553(a), Congress contemplated an individualized inquiry that accounts for the defendant's post-sentencing conduct, personal circumstances, and demonstrated rehabilitation, together with any other relevant considerations presented in the motion.

The Supreme Court has long recognized that when Congress authorizes a sentencing court to revisit an existing sentence, the court must consider the defendant as he presently exists, including evidence of post-sentencing rehabilitation. See *Pepper v. United States*, 562 U.S. 476, 490–93 (2011). Although *Pepper* arose in the context of resentencing following remand, its reasoning reflects the broader sentencing principle that the "punishment should fit the offender and not merely the crime." *Id.* at 487–88. That principle applies with particular force in compassionate-release proceedings, where Congress has expressly authorized

sentencing courts to determine whether continued incarceration remains appropriate in light of developments occurring after the original sentence was imposed.

Neal's motion presented precisely that type of individualized showing. He did not rely exclusively upon the statutory changes enacted through the First Step Act. Instead, he documented his rehabilitative efforts during more than a decade of federal imprisonment, his institutional adjustment, his family circumstances arising from his mother's deteriorating health, and the manner in which those considerations interacted with the changes in federal sentencing law and the resulting disparity between the sentence imposed in 2016 and the sentence likely to be imposed today. See Doc. 335.

Although rehabilitation alone cannot constitute an extraordinary and compelling reason for compassionate release, Congress expressly provided only that rehabilitation, standing alone, is insufficient. See 28 U.S.C. § 994(t). Rehabilitation remains an appropriate and important consideration when evaluated together with other individualized circumstances. Neal never argued otherwise. Rather, he consistently presented rehabilitation as one component of a broader showing supporting relief under § 3582(c)(1)(A).

The district court acknowledged Neal's positive institutional record but largely discounted it on the ground that rehabilitation is expected of all inmates. See Doc. 340. While rehabilitation is certainly expected, Congress nevertheless recognized that

post-sentencing conduct remains relevant to the compassionate-release inquiry, particularly when considered alongside other extraordinary and compelling circumstances. The district court's analysis did not meaningfully explain why Neal's demonstrated rehabilitation, viewed together with his remaining individualized circumstances, failed to support relief.

The same is true of Neal's family circumstances. The district court concluded that other individuals could assist Neal's mother and therefore rejected that factor in isolation. See Doc. 340. The question presented by Neal's motion, however, was not whether any single circumstance independently justified compassionate release. Rather, the question was whether all of Neal's individualized circumstances, considered together, established extraordinary and compelling reasons warranting relief. The orders on appeal do not reflect that broader analysis.

Ultimately, the district court's discussion focused primarily upon Neal's criminal history and the seriousness of his offense while giving comparatively little attention to the significant evidence of post-sentencing rehabilitation and other individualized developments occurring during his incarceration. Section 3582(c)(1)(A), however, requires more than a retrospective examination of the underlying conviction. It requires the sentencing court to determine whether, in light of all relevant circumstances existing at the time of the motion, continued

incarceration remains warranted. Because the district court did not meaningfully evaluate the cumulative significance of Neal's post-sentencing rehabilitation and other individualized circumstances, its exercise of discretion was incomplete and requires vacatur and remand.

## III. The District Court Abused Its Discretion by Failing to Meaningfully Apply the Sentencing Factors Set Forth in 18 U.S.C. § 3553(a).

The compassionate-release inquiry does not end once a district court determines whether extraordinary and compelling reasons exist. Section 3582(c)(1)(A) separately requires the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) before granting or denying relief. Those factors require an individualized determination based upon the defendant's current circumstances, not merely a reaffirmation of the considerations supporting the original sentence years earlier.

The Supreme Court has long recognized that when Congress authorizes a sentencing court to revisit an existing sentence, the court must consider the defendant as he presently exists, including evidence of post-sentencing rehabilitation. See *Pepper v. United States*, 562 U.S. 476, 490-93 (2011). Although *Pepper* arose in the context of resentencing following remand, its reasoning reflects the broader sentencing principle that "the punishment should fit the offender and not merely the

crime." *Id.* at 487-88. That principle applies with equal force in compassionate-release proceedings, where Congress has expressly authorized sentencing courts to determine whether continued incarceration remains appropriate in light of developments occurring after the original sentence was imposed.

Although district courts retain broad discretion when weighing the § 3553(a) factors, that discretion must be exercised through a reasoned explanation demonstrating that the court considered the defendant's post-sentencing conduct together with the circumstances existing at the time the compassionate-release motion was decided. A district court abuses its discretion when it relies primarily upon the seriousness of the original offense while failing to meaningfully consider substantial developments occurring after sentencing.

Here, the district court focused primarily upon Neal's criminal history, the seriousness of the underlying offense, and its continuing concern for public safety. See Doc. 340. Those considerations were unquestionably relevant under § 3553(a). They were not, however, the only considerations before the court. Neal also presented substantial evidence of post-sentencing rehabilitation, positive institutional adjustment, family circumstances involving his mother's deteriorating health, the changes in federal sentencing law affecting the mandatory minimum applicable to his offense, and the resulting sentencing disparity. Those developments fundamentally

altered the context in which the § 3553(a) factors were required to be evaluated.

Rather than meaningfully balancing those competing considerations, the district court largely reiterated the reasons supporting the original sentence while giving comparatively little attention to the significant evidence demonstrating Neal's rehabilitation and other post-sentencing developments. Section 3582(c)(1)(A) requires more than a reaffirmation of the original sentencing determination. It requires the court to determine whether continued incarceration remains appropriate in light of the defendant's present circumstances and the statutory purposes of sentencing.

Moreover, the district court's explanation does not permit meaningful appellate review. Although a district court need not discuss every argument advanced by a defendant, its explanation must be sufficient to demonstrate that it considered the parties' principal contentions and exercised its discretion under the proper legal framework.

Here, the district court acknowledged Neal's rehabilitation, recognized the statutory reduction in the applicable mandatory minimum sentence, briefly addressed his family circumstances, and expressed continuing concern regarding the seriousness of the offense and the need to protect the public. See Docs. 340, 345. The court did not explain, however, how those competing considerations were weighed against one

another or why the cumulative effect of Neal's rehabilitation, family circumstances, sentencing disparity, and other individualized considerations failed to justify compassionate relief.

That omission is particularly significant in light of the amended U.S.S.G. § 1B1.13 and the Supreme Court's decisions in *Fernandez* and *Rutherford*. Although those decisions clarify the governing legal framework, they continue to require an individualized exercise of judicial discretion. Nothing in those decisions authorizes a district court to dispose of a compassionate-release motion by evaluating each asserted circumstance in isolation without explaining why the totality of the defendant's individualized circumstances does not warrant relief.

Because the district court's explanation does not demonstrate that it meaningfully considered the cumulative effect of Neal's post-sentencing rehabilitation, family circumstances, sentencing disparity, and other individualized developments under the § 3553(a) factors, meaningful appellate review is frustrated. Under these circumstances, the district court abused its discretion, and its orders should be vacated with instructions to reconsider Neal's motion under the proper legal framework.

## CONCLUSION

For the above and foregoing reasons, the district court abused its discretion by denying Neal's Motion for Reconsideration and his Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). The court resolved Neal's compassionate-release proceedings on an incomplete record, did not meaningfully conduct the individualized assessment required by 18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13, and the governing legal framework, and failed to meaningfully apply the sentencing factors set forth in 18 U.S.C. § 3553(a).

Nothing in the Supreme Court's decisions in *Fernandez* or *Rutherford* alters the district court's continuing obligation to exercise its discretion through an individualized evaluation of the defendant's circumstances and a reasoned application of the governing statutory and guideline framework. Because the orders on appeal do not demonstrate that such an analysis occurred, meaningful appellate review is frustrated.

Accordingly, Neal respectfully requests that this Court vacate the district court's May 26, 2026 Order denying his Motion for Reconsideration and Motion for Sentence Reduction, vacate the underlying April 13, 2026 Order denying compassionate release to the extent necessary, and remand this matter to the district court with instructions to reconsider Neal's request for compassionate relief under the

governing legal standards, after considering the complete record, the cumulative effect of Neal's individualized circumstances, and the governing legal framework established by 18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13, and the Supreme Court's decisions in *Fernandez* and *Rutherford.*

Respectfully submitted,

Dated: July 14, 2026

SENECA LOYAL NEAL
REG. NO. 36074-086
FCI SAFFORD
FEDERAL CORR. INSTITUTION
P.O. BOX 9000
SAFFORD, AZ 85548
Appearing *Pro Se*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32 (a)(7)(C), and Ninth Circuit Rule 32-1, I certify that the attached Appellant's Brief is proportionately spaced, has a typeface of 14 points or more, and contains **5454** words.

Dated: July 14, 2026

SENECA LOYAL NEAL

## CERTIFICATE OF SERVICE

I certify that, on July 14, 2026, a true and correct copy of the above and foregoing Opening Brief for Petitioner-Appellant has been mailed via U.S. Mail, postage prepaid to Carly Sue Vosacek, Assistant U.S. Attorney, DOJ - Office of the U.S. Attorney, 101 12th Avenue, Suite 310, Fairbanks, AK 99701.

SENECA LOYAL NEAL