No. 26-3718

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff/Appellee,

v.

SENECA LOYAL NEAL,

Defendant/Appellant.

On Appeal from the United States District Court
for the District of Alaska
No. 4:14-cr-00027-01-RRB
Hon. Ralph R. Beistline

# APPELLEE'S ANSWERING BRIEF

MICHAEL J. HEYMAN
United States Attorney

CHRISTOPHER D. SCHROEDER
Assistant United States Attorney
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-1500

*Attorneys for Appellee*
United States of America

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .... iv

INTRODUCTION .... 1

STATEMENT OF JURISDICTION & BAIL STATUS .... 2

STATEMENT OF ISSUES PRESENTED .... 3

STATEMENT OF THE CASE .... 3

SUMMARY OF ARGUMENT .... 8

ARGUMENT .... 9

I. The District Court Did Not Abuse Its Discretion By Denying Neal's Motion Without Waiting for a Reply Brief. .... 9

A. Standard of Review .... 9

B. Legal Framework .... 9

C. Discussion .... 10

II. The District Court Correctly Found That Neal Failed to Establish an Extraordinary and Compelling Reason for Compassionate Release. .... 12

A. Standard of Review .... 12

B. Legal Framework .... 13

C. Discussion .... 14

1. Neal Failed to Establish an Extraordinary or Compelling Reason for Release Because He Was Not the Only Available Caregiver for His Mother. .... 14

2. A Nonretroactive Statutory Change Cannot Be an Extraordinary and Compelling Reason for Release. ... 15

3. Sentencing Disparities Produced by a Mandatory Minimum Cannot Be an Extraordinary and Compelling Reason for Release. ... 17

4. Neal's Post-Sentencing Rehabilitation is Not an Extraordinary and Compelling Reason. ... 19

III. The District Court Correctly Found That Neal Failed to Establish That the Sentencing Factors in 18 U.S.C. § 3553(a) Supported Early Release. ... 19

A. Standard of Review ... 19

B. Legal Framework ... 20

C. Discussion ... 21

1. Neal Failed to Establish That the Sentencing Factors in 18 U.S.C. § 3553(a) Supported Early Release. ... 21

a. The Nature and Circumstances of the Offense. ... 21

b. The History and Characteristics of the Defendant. ... 22

c. The Need to Promote Respect for the Law. ... 23

d. The Need to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public. ... 24

e. The Need to Avoid Unwarranted Sentencing Disparity. ... 26

CONCLUSION ... 28

STATEMENT OF RELATED CASES (Form 17)

CERTIFICATE OF COMPLIANCE (Form 8)

CERTIFICATE OF SERVICE (Form 15)

# TABLE OF AUTHORITIES

Cases

*Bellus v. United States*, 125 F.3d 821 (9th Cir. 1997) ................................ 9

*Dillon v. United States*, 560 U.S. 817 (2010) ............................................ 13

*Freeman v. United States*, 564 U.S. 522 (2011) ........................................ 13

*Gall v. United States*, 552 U.S. 38 (2007) ...................................... 19, 20, 27

*Greenwood v. F.A.A.*, 28 F.3d 971 (9th Cir. 1994) ...............................11, 19

*Lata v. I.N.S.*, 204 F.3d 1241 (9th Cir. 2000) ........................................... 11

*National Labor Relations Board v. Eclipse Lumber Co.*,
199 F.2d 684 (9th Cir. 1952) ..................................................................... 10

*Rutherford v. United States*, 608 U.S. 454 (2026) ........................... 8, 15-18

*School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*,
5 F.3d 1255 (9th Cir. 1993) ...................................................................... 10

*United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021) ............................... 12

*United States v. Asuncion*, 974 F.3d 929 (9th Cir. 2020) .......................... 15

*United States v. Bryant*, 144 F.4th 1119 (9th Cir. 2025) .......................... 14

*United States v. Clark*, 984 F.2d 31 (2d Cir. 1993) ..................................... 9

*United States v. Gonzalez-Zotelo*, 556 F.3d 736 (9th Cir. 2009) .............. 28

*United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009) ............. 9, 12, 20

*United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021) ............................... 17

*United States v. Keller*, 2 F.4th 1278 (9th Cir. 2021) ............................... 13

*United States v. Lopez-Cruz*, 730 F.3d 803 (9th Cir. 2013) ..................9, 10

*United States v. Martin*, 226 F.3d 1042 (9th Cir. 2000) ............................. 9

*United States v. Neal*, 747 F. App'x 501 (9th Cir. 2018) ............................ 5

*United States v. Neal*, No. 21-35452, 2022 WL 2128899 (9th Cir. June 14, 2022) ........ 5

*United States v. Wright*, 46 F.4th 938 (9th Cir. 2022) ........ 13

Statutes

18 U.S.C. § 3231 ........ 2

18 U.S.C. § 3553(a) ........ 1, 8, 18-21

18 U.S.C. § 3553(a)(1),(a)(2)(A)-(C), and (a)(6) ........ 20

18 U.S.C. § 3553(a)(6) ........ 27

18 U.S.C. § 3582(c) ........ 13

18 U.S.C. § 3582(c)(1) ........ 12

18 U.S.C. § 3582(c)(1)(A) ........ 5, 13, 20

18 U.S.C. § 3582(c)(1)(A)(i) ........ 13

21 U.S.C. § 841(a)(1) ........ 15

21 U.S.C. § 841(b)(1)(A) ........ 5, 15

28 U.S.C. § 994(t) ........ 19

28 U.S.C. § 1291 ........ 2

28 U.S.C. § 2255 ........ 5

Other Authorities

D. Ak. L.R. 47.1(g)(1) ........ 10

First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5221, § 401(c) ........ 15

First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5222, § 401 ........ 15

U.S. Sent'g Comm'n, *Recidivism of Federal Drug Trafficking Offenders Released in 2010* at 32 (January 2022), https://www.ussc.gov/sites/default/files/pdf/research-and publications/research-publications/2022/20220112_Recidivism-Drugs.pdf) ........ 25

U.S. Sentencing Commission (USSC), *Quarterly Data Report: Fiscal Year 2025*, at 11 (May 2026), https://www.ussc.gov/research/data-reports/quarter/quarterly-sentencing-updates............................. 27

U.S.S.G. § 1B1.13 ........................................................................ 18

U.S.S.G. § 1B1.13(b)(3)(C) ........................................................ 14, 15

U.S.S.G. § 1B1.13(b)(6) .............................................................. 18

U.S.S.G. § 1B1.13(d) .................................................................. 19

U.S.S.G. § 2D1.1 ........................................................................ 26

## INTRODUCTION

A jury convicted Defendant-Appellant Seneca Loyal Neal of trafficking nearly seven kilograms of heroin. The district court sentenced him to 264 months imprisonment, due largely to the vast quantity of heroin involved in the case and the fact that Neal had both a prior federal drug trafficking conviction and a prior conviction for sexually assaulting a minor.

Neal moved for compassionate release asserting various grounds, including that he needed to care for his elderly mother in Arizona and that a nonretroactive sentencing amendment in the First Step Act later reduced the mandatory minimum for his offense. The district court denied that motion. Neal appeals that ruling.

The district acted within its broad discretion in denying Neal's motions. Neal failed to establish an extraordinary and compelling reason for release because he was not the only potential caregiver for his mother and because a nonretroactive change in the law cannot be a basis for compassionate release. He also failed to demonstrate that any of the sentencing factors in 18 U.S.C. § 3553(a) supported early release after serving a little more than half of his sentence.

This Court should affirm.

## STATEMENT OF JURISDICTION & BAIL STATUS

The district court had subject matter jurisdiction over this criminal proceeding under 18 U.S.C. § 3231. The district court sentenced Neal on December 12, 2016, and entered judgment three days later. 2-SER-139-46.[1] The district court denied Neal's motion for compassionate release without prejudice on April 13, 2026, and denied his motion for reconsideration and second motion for compassionate release on May 26, 2026. 1-SER-18-20; 2-3. Neal filed a timely notice of appeal that was entered on June 9, 2026. 2-SER-165-67. This Court has jurisdiction under 28 U.S.C. § 1291.

According to the Bureau of Prisons, Neal is currently incarcerated at Federal Correctional Institution Safford in Arizona. His projected release date is May 12, 2034.

//

---

[1] Neal did not file any Excerpts of Record. Under this Court's order at Dkt. 3, "If appellant does not submit excerpts, appellee must submit all documents cited in the pro se opening brief or otherwise required by the rules." "AOB" refers to the Opening Brief. "SER" refers to the government's Supplemental Excerpts of Record. "PSR" refers to the Presentence Report filed separately and under seal.

## STATEMENT OF ISSUES PRESENTED

I. Whether the District Court Abused Its Discretion by Denying Neal's Motion for Compassionate Release Without Allowing Him to File a Reply Brief.

II. Whether the District Court Abused Its Discretion by Finding That Neal Failed to Demonstrate an Extraordinary and Compelling Reason for Compassionate Release.

III. Whether the District Court Abused Its Discretion by Denying Neal's Motion for Compassionate Release Under the Sentencing Factors in 18 U.S.C. § 3553(a).

## STATEMENT OF THE CASE

In the fall of 2014, the Alaska State Troopers identified Seneca Neal as a large-scale distributor of heroin. On October 31, 2014, troopers served a search warrant at Brendan Strom's home in Wasilla and seized 255.7 grams of heroin valued at $80,000. PSR-10. Strom identified Neal as his supplier. He said that he bought heroin from Neal weekly, usually about 10 ounces at a time for $30,000, which he then resold in smaller amounts. *Id.* In total, Strom testified that he bought

68 ounces of heroin (or 1.9 kilograms, with one ounce equaling 28.35 grams) from Neal between September and October 2014. PSR-14.

On November 19, 2014, officers arrested Lamon Washington in Fairbanks as he drove away after he sold one ounce of heroin to another person. PSR-12-13. Washington testified that he received multiple ounces of heroin from Neal at different times in the months leading up to his arrest and resold it to others, principally in the Fairbanks area. PSR-13. In total, Neal provided Washington 153 ounces (about 4.3 kilograms) of heroin between November 2013 and November 2014. PSR-14.

Troopers obtained a search warrant for an apartment Neal utilized and recovered 440.2 grams of heroin and 69 grams of MDPV (bath salts) inside. PS-11-12. In sum, Neal was thus accountable for about 6.7 kilograms of heroin and 69 grams of bath salts. PSR-15.

The jury found Neal guilty of conspiring to distribute and possess with intent to distribute one kilogram or more of heroin, as alleged in Count One of the indictment; distributing 100 grams or more of heroin, as alleged in Count Five; distributing a controlled substance as alleged

in Count Six; and possessing 100 grams or more of heroin with intent to distribute, as alleged in Count Seven. 2-SER-155-58.

Neal had a prior federal conviction for drug conspiracy from 2009, which at the time increased the mandatory minimum penalty on Count One to 20 years. PSR 20-21; 21 U.S.C. § 841(b)(1)(A) (2016). The district court sentenced Neal to 264 months in prison followed by 10 years of supervised release. 2-SER-141. In doing so, the court adopted the U.S. Probation Office's sentencing range calculation of 235 to 293 months based on a total offense level of 34 and a criminal history category of V. 3-SER-203.

Neal appealed his conviction to this Court, which affirmed. *United States v. Neal*, 747 F. App'x 501 (9th Cir. 2018). Neal then moved under 28 U.S.C. § 2255 to vacate his conviction and sentence, claiming ineffective assistance of counsel. The district court denied that motion. Neal appealed that decision to this Court, which affirmed once again. *United States v. Neal*, No. 21-35452, 2022 WL 2128899 (9th Cir. June 14, 2022).

In March 2026, Neal, acting pro se, moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of

2018. 1-SER-21-84. Neal raised five separate grounds for finding an extraordinary and compelling reason for early release: (1) his desire to serve as a caregiver for his elderly mother, (2) the First Step Act's nonretroactive amendment to the Controlled Substances Act that lowered the mandatory minimum for defendants convicted of a controlled substance offense who had a prior conviction for a serious drug felony from 20 years to 15, (3) his prior federal conviction for drug conspiracy not being a serious drug felony that could have enhanced the penalty for Count One, (4) the need to avoid unwarranted sentencing disparities, and (5) his post-sentencing rehabilitation. 1-SER-33-44. The government opposed. 2-SER-111-138.

On April 13, 2026, the district court issued a written order denying Neal's motion without prejudice. 1-SER-18-20. The court rejected most of Neal's arguments but noted that it "would consider a separate motion for sentence reduction that is focused on the significance of the First Step Act of 2018 and the impact the reduction of the mandatory minimum should have on Defendant's sentence." 1-SER-20.

//

Neal moved for reconsideration arguing that the district court denied his motion without first allowing him to file a reply brief. 1-SER-11-17. Neal also filed a new motion for compassionate release arguing that the subsequent change in the law governing his mandatory minimum sentence was an extraordinary and compelling reason for the court to reduce his sentence. 1-SER-4-10. The government again responded in opposition. 2-SER-96-110.

On May 26, 2026, the district court denied Neal's motion for reconsideration and his renewed motion for compassionate release. 1-SER-2-3. The court found that Neal "has not shown manifest error of law or fact as to the Court's order" and "has not raised anything new or erroneous about the aforesaid order." 1-SER-2. With respect to compassionate release, the court found that Neal "did not receive an unusually long sentence given the offense of conviction and his extensive criminal history[,]" and rejected Neal's claim that "the change in the mandatory minimum sentence from twenty to fifteen years resulted in a gross disparity between the sentence Defendant received in 2016 and a sentence he would receive today." 1-SER-3.

This appeal followed.

## SUMMARY OF ARGUMENT

This district court acted well within its broad discretion in denying Neal's motion for compassionate release. The court correctly found that Neal failed to establish an extraordinary and compelling reason for release when the presentence report identified six other immediate family members who could serve as caregivers for his mother. The Supreme Court's decision in *Rutherford v. United States*, 608 U.S. 454 (2026) – issued two days after the district court denied Neal's motions – barred Neal's secondary claim that a nonretroactive statutory amendment could serve as an extraordinary and compelling reason for compassionate release.

Neal also failed to establish that the sentencing factors in 18 U.S.C. § 3553(a) supported early release when (1) the offense involved the trafficking of nearly seven kilograms of heroin, (2) Neal had an extensive criminal history, including two prior felony drug convictions, and a prior felony conviction for sexually assaulting a minor, (3) the need to promote respect for the law, (4) his high statistical likelihood of recidivism, and (5) the need to avoid unwarranted sentencing disparities that would have resulted from releasing a defendant with

Neal's criminal history after serving about 11 years of a 22-year sentence.

## ARGUMENT

### I. The District Court Did Not Abuse Its Discretion By Denying Neal's Motion Without Waiting for a Reply Brief.

#### A. Standard of Review

This Court reviews a district court's decision to deny a motion for reconsideration for an abuse of discretion. *Bellus v. United States*, 125 F.3d 821, 822 (9th Cir. 1997). A court abuses its discretion if it applies the wrong legal standard or reaches a conclusion that is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009).

#### B. Legal Framework

Although not expressly provided for in the Federal Rules of Criminal Procedure, "post-judgment motions for reconsideration may be filed in criminal cases." *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) (citing *United States v. Clark*, 984 F.2d 31, 33 (2d Cir. 1993)). "No precise 'rule' governs the district court's inherent power

to grant or deny a motion to reconsider a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal citation omitted).

**C. Discussion**

For three reasons, Neal has not shown that reconsideration was necessary here. First, there is no due process right to file a reply brief. *See National Labor Relations Board v. Eclipse Lumber Co.*, 199 F.2d 684, 686 (9th Cir. 1952). In fact, the District of Alaska's local rules prohibit the filing of reply briefs "[u]nless otherwise ordered by the court[.]" D. Ak. L.R. 47.1(g)(1)[A]. Neal cites no authority suggesting that he had a right to file a reply brief, and the government's review of the case law reveals none. It was Neal's obligation to provide the Court in his original motion with sufficient evidence to justify the relief he

sought, rather than waiting until a reply brief the district court was under no obligation to allow.

Second, Neal cannot establish prejudice because he does not tell this Court what arguments the district court precluded him from making. It is Neal's burden to demonstrate "that the alleged violation affected the outcome of the proceedings; we will not simply presume prejudice." *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (citation omitted). In his motion for reconsideration, Neal vaguely insisted that he "would have addressed the Government's assertions with additional factual detail[.]" 1-SER-14-15. But he did not include any of those details in the motion. Now, he claims that if the district court had allowed him to file a reply, he "would have responded to each of" the government's arguments. AOB-12. Once again, however, he does not tell this Court what those responses would have been. This Court "will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim[.]" *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).

Third, the district court allowed Neal to file a second round of briefing by both denying his motion without prejudice and by inviting

him to file "a separate motion for sentence reduction that is focused on the significance of the First Step Act of 2018 and the impact the reduction of the mandatory minimum should have on Defendant's sentence." 1-SER-20. The court therefore did not "decid[e] the motion on an incomplete and one-sided record[.]" AOB-7. To the contrary, the district court received and reviewed three separate filings from Neal before it issued a final judgment. The district court's thoughtful and deliberate consideration of the parties' arguments was not an abuse of its discretion.

## II. The District Court Correctly Found That Neal Failed to Establish an Extraordinary and Compelling Reason for Compassionate Release.

### A. Standard of Review

This Court reviews a district court's decision on a compassionate release motion under 18 U.S.C. § 3582(c)(1) for an abuse of discretion. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). A court abuses its discretion if it applies the wrong legal standard or reaches a conclusion that is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009).

### B. Legal Framework

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(1)(A)(i) provides a narrow "except[ion]" to that principle, colloquially known as "compassionate release," where "extraordinary and compelling reasons warrant" a reduction in the defendant's sentence. 18 U.S.C. § 3582(c)(1)(A). A district court must deny a motion for compassionate release if the defendant fails to establish such an extraordinary and compelling reason. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). "As compassionate release derogates from the principle of finality, it is a 'narrow' remedy[.]" *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

The Sentencing Commission has issued a policy statement identifying six circumstances, when considered individually or in combination, that allow a district court to reduce a term of imprisonment under § 3582(c)(1)(A). Pertinent to this appeal, these circumstances include the "incapacitation of the defendant's parent

when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). As of May 2023, this policy statement is binding on district courts. *See United States v. Bryant*, 144 F.4th 1119, 1124 (9th Cir. 2025).

### C. Discussion

#### 1. Neal Failed to Establish an Extraordinary or Compelling Reason for Release Because He Was Not the Only Available Caregiver for His Mother.

According to the presentence report, Neal has two maternal half-siblings – Jason Pinion of Anchorage and Chevis Hasley of Kent, Washington. PSR-23. At the time of his sentencing in 2016, he had been in a long-term relationship with his girlfriend Tatiana Merchant. *Id*. He had a daughter, Cheyenne Womack (a/k/a Cheyenne White), that his mother had since adopted. PSR-23-24. He also had three other children – Asyata Davis, Daja Brown, and Demetrius Chevis Neal-Rickman – from prior relationships. PSR-24.

Neal's mother therefore had at least six other relatives – two other children and four grandchildren – who could have potentially served as caregivers for her. As a result, Neal failed to demonstrate that he

"would be the only available caregiver for the parent," as the binding policy statement required. U.S.S.G. § 1B1.13(b)(3)(C).

### 2. A Nonretroactive Statutory Change Cannot Be an Extraordinary and Compelling Reason for Release.

At the time of Neal's trial, a defendant who was convicted of a controlled substance offense in violation of 21 U.S.C. § 841(a)(1), who was sentenced under the penalty provision of § 841(b)(1)(A) because the offense involved one kilogram or more of heroin, and who had a prior conviction for a serious drug offense, was subject to a mandatory minimum of 20 years imprisonment. 21 U.S.C. § 841(b)(1)(A) (2016). In the First Step Act of 2018, Congress reduced the mandatory minimum applicable to such defendants to 15 years. *See* First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5222, § 401. This amendment, however, was not retroactive to defendants who were sentenced before its effective date. *See United States v. Asuncion*, 974 F.3d 929, 934 (9th Cir. 2020) (citing § 401(c), 132 Stat. at 5221).

Two days after the district court denied Neal's second motion for compassionate release, the Supreme Court held in *Rutherford v. United States*, 146 S. Ct. 1320, 1332 (2026), that a sentencing disparity created

by a nonretroactive statutory amendment "is neither an 'extraordinary' nor a 'compelling' reason that warrants a reduction in sentence." Such a disparity "is an unexceptional feature of a system in which nonretroactivity is the default" and "reflects Congress's deliberate choice to extend relief to some prisoners and not others." *Id.* at 1330, 1332. Although Neal's mandatory minimum sentence today would be five years lower than it was in 2016, *Rutherford* precludes the district court from considering that change as an extraordinary and compelling reason.

As an alternative, Neal posits that although *Rutherford* closes the door on his claim that "reduction of the mandatory minimum sentence, standing alone, entitled him to compassionate release[,]" it nonetheless allows a district court to consider a nonretroactive statutory change as "one component of a broader constellation of extraordinary and compelling circumstances[.]" AOB-16. *Rutherford* says otherwise:

> "Treating the severity of a mandatory penalty as a reason for compassionate release rejects Congress's judgment that the punishment fits the crime. And petitioners' proposal – injecting other factors into the mix of extraordinary and compelling reasons – does not solve the problem. The Sixth Circuit put it well: '[A]dding a legally impermissible ground to three insufficient factual considerations does not entitle a defendant to a sentence reduction.'"

146 S. Ct. at 1334 (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021)). Given the Supreme Court's directive that district courts may not consider a nonretroactive change in the law as an extraordinary and compelling reason either individually or cumulatively, the district court did not abuse its discretion by declining to do so here.

### 3. Sentencing Disparities Produced by a Mandatory Minimum Cannot Be an Extraordinary and Compelling Reason for Release.

Neal's argument that his sentence results in an unwarranted disparity fails for two reasons. First, following *Rutherford*, sentencing disparities can no longer be an extraordinary and compelling reason. At the time Neal filed his motions, the Sentencing Commission's 2023 policy statement on compassionate release included unusually long sentences as one of six potential bases for compassionate release:

> "If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full

> consideration of the defendant's individualized circumstances."

U.S.S.G. § 1B1.13(b)(6). The Supreme Court later invalidated § 1B1.13(b)(6) in *Rutherford*, holding that a nonretroactive change in the law – "considered by itself or in combination with other factors – cannot make a prisoner eligible for compassionate release. To the extent that it counsels otherwise, the Commission's policy statement is invalid." *Rutherford*, 146 S. Ct. at 1334. There is no other provision in § 1B1.13 that allows a district court to consider sentencing disparities as a basis for compassionate release. The court must still consider unwarranted disparities as one of the sentencing factors under 18 U.S.C. § 3553(a), but only if the defendant is first able to establish some other extraordinary and compelling reason to get to that second step of the analysis.

Second, although Neal references a sentencing disparity at several points throughout his brief, *see* AOB-5, 8, 12-13, 15, 17, 18, 21, he never actually argues that his sentence resulted in an unwarranted disparity compared to similarly situated offenders. The district court found that "the change in the mandatory minimum sentence from twenty to fifteen years" did not result "in a gross disparity between the sentence

Defendant received in 2016 and a sentence he would receive today." 1-SER-3. Neal offers this Court no briefing or argument as to why the district court erred in this conclusion. "[A] bare assertion does not preserve a claim," and this Court can "review only issues which are argued specifically and distinctly in a party's opening brief." *Greenwood*, 28 F.3d at 977.

#### 4. Neal's Post-Sentencing Rehabilitation is Not an Extraordinary and Compelling Reason.

Having failed to establish an extraordinary and compelling reason based on his other arguments, Neal cannot make up the difference by relying upon other evidence of post-arrest rehabilitation. Such rehabilitation "is not, by itself, an extraordinary and compelling reason[,]" and may only be "considered in combination with other circumstances" that establish an extraordinary and compelling reason. U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. § 994(t)).

## III. The District Court Correctly Found That Neal Failed to Establish That the Sentencing Factors in 18 U.S.C. § 3553(a) Supported Early Release.

### A. Standard of Review

This Court reviews a district court's balancing of the 18 U.S.C. § 3553(a) factors for an abuse of discretion. *Gall v. United States*, 552

U.S. 38, 51 (2007). A court abuses its discretion if it applies the wrong legal standard or reaches a conclusion that is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Hinkson*, 585 F.3d at 1263.

### B. Legal Framework

Even when a defendant demonstrates an extraordinary and compelling reason, the district court must still deny the motion "after considering the factors set forth in section 3553(a) to the extent they are applicable" unless those factors also support release. 18 U.S.C. § 3582(c)(1)(A). These factors included "the nature and circumstances of the offense[,]" "the history and characteristics of the defendant[,]" the need "to reflect the seriousness of the offense, to promote respect for the rule of law, and to provide just punishment for the offense[,]" the need "to afford adequate deterrence to criminal conduct[,]" the need "to protect the public from further crimes of the defendant[,]" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C), and (a)(6).

//

## C. Discussion

### 1. Neal Failed to Establish That the Sentencing Factors in 18 U.S.C. § 3553(a) Supported Early Release.

None of the § 3553(a) factors supported early release in this case.

#### a. The Nature and Circumstances of the Offense.

Seneca Neal trafficked enormous quantities of heroin throughout Alaska. Testimony at trial established that he distributed upwards of 6.7 kilograms of heroin to multiple, lower-level dealers – an astronomical amount of heroin for a sparsely populated district like Alaska. He thrived by exploiting the weaknesses of those around him for profit. For instance, in the lower court, the government cited text messages between Neal and Christeena Solomon, a sex worker and addict who bought drugs from him, showing Neal demanding sexual favors from her in exchange for drugs. 2-SER-149-150. The government also emphasized that Neal had never accepted responsibility or shown remorse for his actions. The long-term distribution of 6.7 kilograms of heroin by an unrepentant career criminal was a very serious offense that weighed heavily against early release.

//

### b. The History and Characteristics of the Defendant.

In 1995, Neal sexually assaulted a 14-year-old girl, holding her down and forcibly engaging in vaginal intercourse with her while she repeatedly begged him to stop. PSR-18-19. Neal threatened the victim, saying, "Don't make me hurt you." PSR-19. He then told her not to tell anyone about what had happened. *Id.* He failed to appear for sentencing for that offense and fled the state. PSR-18. In 1997, he was arrested in Oklahoma and extradited back to Alaska. *Id.* He was sentenced to six years in prison, with four years suspended. *Id.*

In 2002, while Neal was on probation after his release from prison, he was arrested during a controlled delivery of a parcel containing 500 grams of cocaine to an apartment in Fairbanks. PSR-20. He ran out of the apartment as officers made entry, threw the drugs into a dumpster, and hid. *Id.* He pleaded guilty to Misconduct Involving a Controlled Substance in the Fourth Degree and was sentenced to five years in prison. *Id.*

Between November 2008 and February 2009, Neal distributed powder cocaine and crack cocaine three times. PSR-20-21. He pleaded guilty in the United States District Court for the District of Alaska to

Drug Conspiracy and was sentenced to 41 months in prison. PSR-20. He was still on supervised release following this conviction at the time of the offenses here. PSR-21.

Against this record, Neal's history and characteristics offered little in the way of mitigation. He did not suffer any physical or mental abuse during his upbringing. PSR-23. He enjoyed a positive relationship with his mother. *Id.* He had no history of mental health issues. PSR-24. He was not addicted to or abusing controlled substances at the time of the offense. PSR-25. He was physically healthy. *Id.* Neal's history and characteristics revealed a great deal of aggravating circumstances, but little if any mitigation to weigh against it, and this factor also weighed against compassionate release.

**c. The Need to Promote Respect for the Law.**

Before the district court, the government identified a consistent pattern of a lack of respect for the law throughout Neal's history. He fled the state to avoid sentencing in his sexual assault case. He was still on probation for that conviction when he received the parcel containing 500 grams of cocaine. He was still on parole for his state drug case when he distributed powder and crack cocaine three times in his first federal case.

PSR-20. And he was still on supervised release in his first federal case when he committed the offenses here. This was three times that Neal committed a new offense while under supervision following a previous offense. The district court noted that it was "[o]f particular concern… that Defendant committed the crime of conviction while still on supervised release from a previous drug trafficking crime." 1-SER-18. A dramatic reduction in Neal's sentence from 22 years to less than 12 would have been inconsistent with the demonstrated need for the sentence to promote respect for the law by holding Neal accountable.

#### d. The Need to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public.

At 48 years old, Neal posed a significant risk of recidivism. The government cited a 2022 study by the Sentencing Commission finding that 62.1% of drug trafficking defendants in Neal's age group and criminal history category were arrested again following their release from prison:

//

//

//

//

Table 4. Rearrest Rates by Age at Release and Criminal History Category for Federal Drug Trafficking Offenders Released in 2010

* N<=20 ** N<=10 . N=0

| Age | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | CO/ACC | Total |
|---|---|---|---|---|---|---|---|---|
| Younger than 21 | 65.0% | 85.0%* | 86.7%* | 100.0%** | . | . | . | 70.1% |
| 21 to 29 Years | 47.0% | 62.4% | 75.3% | 83.2% | 82.5% | 86.0% | 76.0% | 59.3% |
| 30 to 39 Years | 32.4% | 47.6% | 59.1% | 66.5% | 73.4% | 81.6% | 65.8% | 51.3% |
| 40-49 Years | 23.5% | 38.0% | 43.3% | 54.8% | 62.1% | 71.1% | 55.6% | 39.7% |
| 50-59 Years | 16.3% | 26.3% | 41.6% | 39.8% | 51.0% | 72.6% | 47.8% | 30.9% |
| 60 Years and Older | 10.9% | 6.8% | 27.5% | 15.0%* | 14.3%* | 57.1%* | 40.0% | 16.4% |
| **Total** | 33.3% | 46.2% | 57.6% | 64.1% | 69.4% | 77.4% | 58.9% | |

2-SER-127 (citing U.S. Sent'g Comm'n, *Recidivism of Federal Drug Trafficking Offenders Released in 2010* at 32 (January 2022), https://www.ussc.gov/sites/default/files/pdf/research-and publications/research-publications/2022/20220112_Recidivism-Drugs.pdf). In the same study, the Sentencing Commission concluded that "recidivism is inversely associated with age. As age at release increased, the likelihood of rearrest decreased." *Id.*

The district court further relied upon "the amount and variety of drugs involved in Defendant's most recent conviction, and his significant efforts at concealment," as reasons to be "concerned for the safety of the community if Defendant were to be released at this time[.]" 1-SER-19.

The district court was within its discretion to find that Neal's early release would not afford adequate deterrence to criminal conduct or protect the public from future crimes.

#### e. The Need to Avoid Unwarranted Sentencing Disparities.

Finally, the government pointed to data from the Sentencing Commission's Judiciary Sentencing Information (JSIN) website indicating that there were not enough defendants nationwide over the past five years sentenced under the drug trafficking guideline of § 2D1.1 with a total offense level of 34 and a Criminal History Category of V to determine the average sentence for similarly situated offenders. 2-SER-127-28. The government pointed to other data indicating that for defendants with all those same criteria, but a total offense level of 33, the median length of imprisonment was 180 months. 2-SER-128. For defendants with a total offense level of 35, the median length of imprisonment was 205 months. *Id.* The government acknowledged that, based on this data, it would be fair to infer that for defendants like Neal with a total offense level of 34, the median sentence would be between 180 and 205 months. *Id.* Given that Neal had served only about 135 months in custody since his arrest in January 2015, his release on time

served would have created an unwarranted sentencing disparity with similar defendants convicted of similar crimes. *Id* (citing PSR-9).

Neal did not dispute that his 264-month sentence would still be within the guideline range today, and his within-guideline sentence weighs heavily against a claim of unwarranted disparities. According to the Sentencing Commission, 51.5% of all defendants nationwide received a sentence within the guideline range in fiscal year 2025. *See* U.S. Sentencing Commission (USSC), *Quarterly Data Report: Fiscal Year 2025*, at 11 (May 2026), https://www.ussc.gov/research/data-reports/quarter/quarterly-sentencing-updates. "[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Sentencing Guidelines ranges. Since the district judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Gall*, 552 U.S. at 54.

To prevail under this factor, Neal needed to do more than merely show that his sentence was higher than other similarly situated offenders. Statistical disparities are not enough; "§ 3553(a)(6) directs the district judge to consider only 'unwarranted' sentencing disparities."

*United States v. Gonzalez-Zotelo*, 556 F.3d 736, 739 (9th Cir. 2009). Here, Neal's above average sentence was justified by his prior felony conviction for sexually assaulting a child. PSR-18-19. Given that unique and powerful aggravating factor, Neal's 264-month sentence was not an unfair disparity.

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's denial of Neal's motion for compassionate release.

RESPECTFULLY SUBMITTED on September 24, 2026, at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

s/ *Christopher D. Schroeder*
CHRISTOPHER D. SCHROEDER
Assistant United States Attorney
222 West 7th Avenue, # 9, Room 253
Anchorage, AK 99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-1500

*Attorneys for Appellee*
United States of America

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** 26-3718

The undersigned attorney or self-represented party states the following:

- (●) I am unaware of any related cases currently pending in this court.
- ( ) I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.
- ( ) I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** s/ Christopher D. Schroeder **Date** Sep 24, 2026

*(use "*s/[typed name]*" to sign electronically-filed documents)*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 26-3718

I am the attorney or self-represented party.

**This brief contains** 5,046 **words,** including 22 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- (●) complies with the word limit of Cir. R. 32-1.
- ( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- ( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- ( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- ( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  - [ ] it is a joint brief submitted by separately represented parties.
  - [ ] a party or parties are filing a single brief in response to multiple briefs.
  - [ ] a party or parties are filing a single brief in response to a longer joint brief.
- ( ) complies with the length limit designated by court order dated ______.
- ( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Christopher D. Schroeder **Date** Sept. 24, 2026
*(use "s/[typed name]" to sign electronically-filed documents)*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** 26-3718

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Seneca Loyal Neal
Prisoner ID: 36074-086
FCI Safford
P.O. Box 9000
Safford, AZ 85548

**Description of Document(s)** *(required for all documents)*:

Answering Brief

**Signature** s/ Christopher D. Schroeder **Date** Sep 24, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*